DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Christopher Oliver has appealed from a judgment of the Lorain County Common Pleas Court that denied him postconviction relief. He has argued that he was denied equal protection of the law when the trial court denied his second request that his sentences be modified in light of the new sentencing scheme in Senate Bill 2, which went into effect July 1, 1996.[1] This Court affirms the judgment of the trial court because defendant's petition for postconviction relief did not meet the criteria of Section 2151.23(A) of the Ohio Revised Code.
 I.
On June 2, 1993, in case number 93CR043621, defendant was indicted on one count of drug abuse, a violation of Section2925.11(A) of the Ohio Revised Code; one count of possession of drug abuse paraphernalia, a violation of Section 2925.14(C)(1) of the Ohio Revised Code; and one count of carrying a concealed weapon, a violation of Section 2923.12(A) of the Ohio Revised Code. Initially he pleaded not guilty, but changed his plea to guilty on June 21, 1993. On June 22, 1993, in case number 93CR043766, defendant was indicted on one count of aggravated trafficking in drugs, a violation of Section 2925.03(A)(1) of the Ohio Revised Code; one count of possession of criminal tools, a violation of Section 2923.24(A) of the Ohio Revised Code, along with a specification for a prior violent offense conviction; and one count of resisting arrest, a violation of Section 2921.33(A) of the Ohio Revised Code. Initially he pleaded not guilty, but changed his plea to guilty on July 9, 1993. On September 3, 1993, he was sentenced on the counts in the first indictment to terms of 1_ years, 30 days, and 6 months, respectively. Those terms of incarceration were to be consecutive to the sentence imposed on him for the counts in the second indictment, which consisted of concurrent terms of 3 to 15 years, 3 to 5 years, and 90 days, respectively.
On October 24, 1996, defendant petitioned the trial court to modify his sentences in both cases pursuant to the new sentencing scheme of Senate Bill 2, which became effective July 1, 1996. The trial court denied the motion on November 1, 1996, finding that Senate Bill 2 was "prospective only." Defendant did not appeal that denial. On March 19, 1997, defendant again petitioned the trial court for the same postconviction relief: modification of his sentences pursuant to the Senate Bill 2 sentencing scheme. The trial court denied the petition, again indicating its finding that Senate Bill 2 is prospective only. Defendant timely appealed from that denial.
 II.
Defendant's sole assignment of error is that he was denied equal protection of the law when the trial court denied his second request that his sentence be modified in light of the new sentencing scheme in Senate Bill 2, which went into effect July 1, 1996. Defendant has appealed from the denial of his second petition for postconviction relief. Section 2953.23 of the Ohio Revised Code governs second or successive petitions for postconviction relief. Under that statute, a trial court is forbidden to entertain a second or successive petition for postconviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty (or, if applicable, found him eligible for the death penalty) but for constitutional error at trial. See Section2953.23(A) of the Ohio Revised Code.
A review of defendant's second petition reveals that he did not satisfy the requirements of Section 2953.23(A). Even if it could be argued that defendant, by relying on the fact that Senate Bill 2 was enacted several years after he was sentenced, showed that he was "unavoidably prevented from discovering the facts upon which he relied in his second petition," he still did not show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See Section 2953.23(A) of the Ohio Revised Code. Because defendant's second petition did not meet the criteria under Section 2953.23(A), the trial court could not have granted it. Defendant's assignment of error is overruled.
Even if these threshold criteria did not exist, the result of this appeal would not change. Defendant has argued that he was denied equal protection of the law because individuals who committed crimes on or after the effective date of Senate Bill 2 received a less severe prison sentence than individuals, like him, who committed the same crimes before the effective date. This Court has previously considered and rejected this argument. SeeState v. Ulrey (Apr. 2, 1997), Lorain App. No. 96CA006610, unreported, 1997 Ohio App. LEXIS 1272.
In Ulrey, this Court applied the following reasoning of the Lucas County Court of Appeals in State v. Baxter (Feb. 21, 1997), Lucas App. No. L-96-093, unreported, 1997 WL 77855:
 The class distinction that exists in this case, those persons who committed grand theft before July 1, 1996, [(the effective date of Senate Bill 2)] and those persons who committed grand theft after July 1, 1996, does not include a suspect class or affect a fundamental right. Accordingly, the standard to be applied is whether the classification bears a rational relationship to a legitimate governmental interest.
 A rational relationship to a legitimate governmental interest does exist in this case. The change in sentencing laws that gave rise to appellant's contentions in this case did not affect the sentence for the crime of grand theft alone. The legislature undertook a complete renovation of the sentencing laws in Ohio criminal law in order to further the public policy of protecting the public from crime by deterring others and by punishing offenders by making sentencing more accurate and certain. * * * The state has a rational basis, therefore, for providing an effective date that gives the public ample opportunity to be informed of what the penalties will be for crimes committed after that date, and for preventing those who committed crimes before that date from seeking review of their sentences that were imposed before the changes took place. The classification of those who commit a crime before the effective date of the amended sentencing laws and those who commit the same crime after the effective date of the amended sentencing laws is therefore not in violation of equal protection.
Ulrey, supra, at *3-4, citing Baxter, supra, at *3 (citations omitted). Based on the above reasoning, defendant's assignment of error still would be overruled.[2]
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
SLABY, J. CONCUR
[1] The wording of defendant's assignment of error indicates a due process challenge, but his argument addresses only equal protection issues. This Court, therefore, construes his assignment of error as an equal protection challenge.
[2] In his appellate brief, defendant has also argued that the language of Section 1.58 of the Ohio Revised Code supports his argument that the trial court should have modified his sentence. This theory, however, could not have been considered on appeal because defendant failed to argue it to the trial court.